## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **V. MANE FILS S.A.,** | : | |
| | : | **Civil Action No. 06-2304 (FLW)** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **INTERNATIONAL FLAVORS and** | : | |
| **FRAGRANCES INC.,** | : | **M E M O R A N D U M** |
| | : | **O P I N I O N** |
| **Defendant.** | : | |
| _____ | : | |

**HUGHES, U.S.M.J.**

This matter has come before the Court by Motion from Plaintiff V. Mane Fils S.A.
("Plaintiff") for Leave to File a Second Amended Complaint [dkt. entry no. 35], returnable June
16, 2008.  Defendant International Flavors and Fragrances, Inc. ("Defendant") filed opposition to
the Motion on June 2, 2008.  Plaintiff filed its reply brief on June 9, 2008.  The Court considered
the parties submissions without oral argument pursuant to Federal Rule of Civil Procedure 78.
For the reasons set forth below, Plaintiff's Motion for Leave to File a Second Amended
Complaint is granted.

I.      BACKGROUND AND PROCEDURAL HISTORY

This litigation arises from alleged patent infringement involving U.S. Patent Nos.
5,725,865 and 5,843,466 for the coolant monomenthyl succinate ("MMS").  (Def.'s Opp'n Br. at
2.)  Plaintiff's First Amended Complaint included a single patent infringement claim.  *Id.*  Now,
Plaintiff seeks to amend their complaint by adding the following counts: (1) unfair competition
under federal and state law, (2) tortious interference with contractual relationships, and (3)

tortious interference with a prospective economic advantage.  (Pl.'s 2d Am. Compl. at 6-8.)

Plaintiff also seeks punitive damages.  *Id.* at 8.  Plaintiff stated that it obtained new information

when Defendant voluntarily produced documents in January and February of 2008.  (Pl.'s Br. at

3.)  In addition, Plaintiff obtained more information when the Court granted Plaintiff's Motion to

Compel on March 4, 2008.  *Id.* at 2-3.

On January 4, 2008, Defendant produced documents Bates stamped IFF001224 to

IFF008773.  *Id.* at 3.  On February 27, 2008, Defendant produced documents Bates stamped

IFF008774 to IFF013887.  *Id.*  These documents include various internal e-mails from

Defendant as well as e-mails soliciting business from outside companies then doing business

with Plaintiff.  *Id.* at 4-5.  Specifically, they include: (1) e-mails between Defendant and a former

employee of Plaintiff, discussing Defendant's attempts to entice one of Plaintiff's customers to

purchase MMS from Defendant; (2) evidence that Defendant used Plaintiff's trade name; and (3)

e-mails indicating Defendant's desire to use attorney influence in its sales.  *Id.* at 4-5.  On March

4, 2008, the Court granted Plaintiff's motion to compel additional evidence, which Defendant

produced on April 25, 2008.  *Id.* at 6.  Plaintiff argues that these documents show that Defendant

misled customers by (1) failing to disclose that their coolant included MMS or failing to disclose

Plaintiff's patent, and (2) misrepresenting Plaintiff's enforcement position on the patent.  *Id.* at 6-

7.

The legal basis for Plaintiff's argument is that under Rule 15(a), "[t]he court should

freely give leave when justice so requires."  Plaintiff also states that Defendant cannot

successfully argue that this case meets any of the four exceptions in the Third Circuit for denying

leave to amend.

Defendant argues that leave to amend should be denied because Plaintiff's additional claims are futile and would not survive a Motion to Dismiss pursuant to Rule 12(b)(6).  (Def.'s Opp'n Br. at 2; *see Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)).  With respect to Plaintiff's Unfair Competition claims, Defendant argues that Plaintiff's claims are futile because Plaintiff does not allege Defendant used Plaintiff's mark on its goods.  *Id.* at 9. Regarding Plaintiff's Tortious Interference claims, Defendant similarly argues that Plaintiff's claims are futile because Plaintiff does not make any recognizable allegation that Defendant acted tortiously.  *Id.* at 10-11.  Defendant further states that Plaintiff's request for punitive damages is futile since both the Unfair Competition and Tortious Interference claims are futile. *Id.* at 11.  Moreover, Defendant argues that granting Plaintiff's motion for leave to amend would jeopardize the current discovery end date, September 30, 2008.

## II.   DISCUSSION

Plaintiff seeks leave to file a second amended complaint.  The amended complaint includes claims for (1) unfair competition pursuant to § 43(A) of the Lantham Act, 15 U.S.C. § 1125(a); (2) unfair competition pursuant to New Jersey state law, N.J.S.A. 56:4-1; (3) unfair competition pursuant to New Jersey Common Law; (4) tortious interference with contractual relationships; and (5) tortious interference with prospective economic advantage.  (Pl.'s Br. at 7-8.)  Plaintiff also now seeks punitive damages.  *Id.* at 8. Pursuant to Rule 15(a), Plaintiff's motion for leave to file an amended complaint is granted.

### A.   Federal Rule Civil Procedure 15(a)

As a general rule, leave to amend a complaint is "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Court notes that the decision whether to permit a Plaintiff to amend

his complaint is one that rests within its sound discretion. *See Pa. Employees Benefit Trust Fund v. Zeneca Inc.*, 499 F.3d 239, 252 (3d Cir. 2007). Although leave to amend is freely granted, courts will deny leave to amend if the non-movant can show (1) bad faith or a dilatory motive on the part of the moving party, (2) a truly undue or unexplained delay, (3) undue prejudice to the non-moving party, or (4) futility of the proposed amendment. *See Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of the Virgin Is., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981). A proposed amendment is futile when it cannot withstand a motion to dismiss. *See Jablonski v. Pan Am. World Airways, Inc.* 863 F.2d 289, 292 (3d Cir. 1988) *and Fahs Rolston Paving Corp v. Pennington Props. Dev. Corp.*, 2007 U.S. Dist. LEXIS 59283, *10 (D.N.J. 2007). To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true[.]" *Twombly*, 127 S. Ct. at 1964-65.

B.   Unfair Competition Claims

Plaintiff states that Count Two of the amended complaint arises pursuant to 15 U.S.C.A. § 1125(a)(1)(B). (Pl.'s Reply Br. at 5-6.) Defendant in opposition did not address § 1125(a)(1)(B). The Court, viewing all evidence in the light most favorable to Plaintiff, finds that Plaintiff alleges sufficient facts for the Court to grant Plaintiff's motion. As the Court grants leave freely in the interests of justice, Plaintiff's unfair competition claims cannot be said to be futile at this point of the litigation. *See Voilas v. General Motors Corp.*, 173 F.R.D. 389, 396 (D.N.J. 1997) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962).

C.     Tortious Interference Claims

Plaintiff's amended complaint includes two tortious interference claims.  (Pl.'s Am. Compl. at 7-8.)  Pursuant to Rule 15(a), Plaintiff has alleged facts sufficient to amend their complaint.  Plaintiff's tortious interference claims are not futile because Defendant cannot show that either of Plaintiff's tortious interference counts are "implausible" on the facts as alleged. (Pl.'s Reply Br. at 7 n.4, 8).  Likewise, Plaintiff's claim for punitive damages is not futile.

D.     September Discovery Deadline

Plaintiff's amended complaint should not affect the current discovery deadlines.  (Pl.'s Reply Br. at 9.)  Plaintiff has not unduly delayed seeking leave to amend, and no unfair prejudice will result to Defendant by granting leave.  To deny leave to amend, the prejudice to the non-moving party "must amount to more than mere inconvenience[.]"  *Voilas*, 173 F.R.D. at 396.  As Defendant cannot show any undue delay or unfair prejudice, and as none of Plaintiff's claims are futile, Plaintiff's motion for leave to file an amended complaint is granted.

III.    **CONCLUSION**

For the reasons stated above, Plaintiff's motion for leave to file an amended complaint is granted.  The Court notes that although Defendant has an opportunity to file motions seeking to dismiss these claims at a later date pursuant to Federal Rule of Civil Procedure 12(b)(6), Federal Rule of Civil Procedure 1 and *Twombly* suggest that any such motion practice await the conclusion of discovery on September 30, 2008.  An appropriate Order accompanies this Memorandum Opinion.


**DATED:** June 23, 2008

5