UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| V. MANE FILS S.A., | : | Civil Action No: 06-2304 (FLW) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | O R D E R |
| INTERNATIONAL FLAVORS AND FRAGRANCES INC., | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

  This matter having come before the Court on motion by Defendant International Flavors and Fragrances Inc. ("Defendant") to compel interrogatory response from Plaintiff V. Mane Fils S.A. ("Plaintiff") [dkt. entry no. 39], returnable 7/7/08; and opposition having been filed by Plaintiff on June 23, 2008; and Defendant asking Plaintiff to identify any and all of its products that contain monomenthyl succinate ("MMS") and the levels of MMS in those products (Def.'s Br. at 1); and Defendant arguing that knowledge of the levels of MMS in Plaintiff's products could help a jury determine minimum and maximum levels that would constitute the "effective amount" of MMS referenced in the Plaintiff's patents, and is therefore relevant to Plaintiff's infringement claims, *Id*. at 3-4; and Defendant further arguing that the levels of MMS in Plaintiff's products are relevant to Defendant's claim of patent invalidity because knowledge of such levels would help Defendant respond to Plaintiff's "allegations of commercial success," *Id*. at 4-5; and Plaintiff arguing in opposition that the concentration of MMS in its products is not relevant to its infringement claims because an infringement analysis consists of comparing the accused product to the claims of the patent at issue, not to the patentee's products (Pl.'s Opp'n at

1

3); and Plaintiff further arguing that Defendant has not pled an invalidity contention or claimed that the patents-in-suit are obvious, *Id*. at 5; and Plaintiff also stating that the concentration of MMS in its products is not relevant to its rebuttal of an obviousness contention even if it were an issue in this case, *Id*. at 6-7; and the Court noting that *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336 (Fed. Cir. 2002) articulates a two-part analysis for determining patent infringement, (*see also Markman v. Westview Instruments, Inc.* 52 F.3d 967, 976 (Fed. Cir. 1995)); and the Court noting that pursuant to *Allen* "[t]he first step in any such analysis is to construe the claims at issue, which is a matter of law for the court," *Id*. at 1344; and the Court observing that "[t]he words of the claims themselves define the scope of the invention, and are given their ordinary and customary meaning, unless the patentee has chosen to use terms in some other manner," and that any special meaning may be discerned by examining the specification and the prosecution history, *Id*. at 1344-1345; and the Court noting that the second step "is to apply the claims to the accused device," *Id*. at 1345; and the Court further noting that throughout this analysis, "[i]nfringement is determined by comparing the accused devices not with products made by the patentee but with the claims of the patent as properly construed," *Id*. at 1351; and the Court finding pursuant to FED. R. CIV. P. 26(b)(1) that the levels of MMS in Plaintiff's products are not "relevant to any party's claim or defense" because a patentee's products are not considered in a patent infringement analysis; and the Court noting that 35 U.S.C.A. § 103 (West 2004) governs non-obvious subject matter as it pertains to conditions for patentability; and the Court further noting that a patent may not be obtained pursuant to 35 U.S.C.A. § 103(a) when "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a

person having ordinary skill in the art to which said subject matter pertains"; and the Court observing that in *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1 (1966), the United States Supreme Court found that "commercial success" may be relevant as a secondary consideration in determining obviousness or nonobviousness, *Id.* at 17-18; and the Court finding that Plaintiff may assert commercial success by referencing its products containing MMS without disclosing the levels of MMS contained in those products; and the Court therefore finding that levels of MMS in Plaintiff's products are not relevant to Plaintiff's assertion of commercial success in response to Defendant's Interrogatory No. 20; and the Court having considered this matter pursuant to FED R. CIV. P. 78, and for good cause shown,

**IT IS** on this 7th day of July, 2008,

**ORDERED** that Defendant's Motion to Compel Answer to Interrogatory Response from Plaintiff [dkt. entry no. 39] is **DENIED**.

*/s/ John J. Hughes*
**JOHN J. HUGHES**
**UNITED STATES MAGISTRATE JUDGE**