UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| V. MANE FILS, S.A., | : | |
| | : | Civil Action No.: 06-2304 (FLW) |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| INTERNATIONAL FLAVORS AND | : | |
| FRAGRANCES INC., | : | **M E M O R A N D U M** |
| | : | **O P I N I O N** |
| **Defendant.** | : | |
| | : | |

**HUGHES, U.S.M.J.**

I.  INTRODUCTION

This matter comes before the Court on Motion by Plaintiff V. Mane Fils, S.A. ("Mane") to Quash a Subpoena (the "Subpoena") compelling non-party Kevin J. Dunleavy ("Dunleavy") (1) to appear for a deposition and (2) produce relevant documents [48], returnable July 21, 2008. Defendants International Flavors and Fragrances, Inc. ("IFF"), opposed the motion on July 7, 2008 and Mane filed its reply brief on July 23, 2008. The Court heard oral argument on August 19, 2008. For the reasons stated herein, Plaintiff's Motion is denied.

II.  BACKGROUND AND PROCEDURAL HISTORY

Mane alleges that IFF infringed its U.S. Patent Nos. 5,725,865 (the "'865 Patent") and 5,843,466 (the "'466 Patent") relating to monomenthyl succinante ("MMS"). (Def.'s Opp'n Br. at 2.) This motion specifically addresses whether Dunleavy, who represented Mane when it filed its applications for the '865 patent in 1995, must submit to a deposition and produce documents.

On August 29, 1995, Dunleavy, then representing Mane, filed an application for the '865

Patent. *Id.* On June 3, 1996, the United States Patent and Trademark Office, ("PTO") rejected or objected to all of the claims contained in the patent application. *Id.* Subsequently, on May 8, 1997, the patent examiner conducted an interview with Dunleavy. *Id*. at 4. On June 19, 1997, the PTO issued an advisory opinion allowing some of the claims in the patent that had formerly been objected to or rejected. *Id.* at 4. On August 27, 1997, following more conversations between Dunleavy and the patent examiner, the PTO approved some of the claims in the patent. *Id.* at 5. The '865 Patent was finally issued on March 10, 1998. *Id.*

On April 9, 1996, Dunleavy, as a representative of Mane, filed an application for the '466 Patent, as a continuation of the '865 Patent. *Id.* at 6. The PTO initially rejected the majority of claims within the patent. Dunleavy and the patent examiner had two further conversations, on May 4, 1998, and June 4, 1998. *Id.* Subsequently, the PTO allowed the patent, and the '466 Patent was issued on December 1, 1996. *Id.*

Defendant served a subpoena to compel Dunleavy's presence at a deposition to be held on June 30, 2008. In addition, Dunleavy was to produce: (1) all documents related to the '865 Patent and the '466 Patent; (2) all documents related to or referring to MMS; and (3) all communications regarding IFF and/or this litigation. (*See* Pl.'s Br. Ex. C). There is no dispute that the subpoena was properly served. On June 27, 2008, Mane filed the present Motion to Quash the Subpoena [dkt. entry no. 48]. The motion was opposed on July 7, 2008. [51]. Subsequently, Mane filed a reply brief on July 23, 2008 [55].

A.      Plaintiff's Arguments in Support of the Motion to Quash

Plaintiff sets forth three arguments why the Motion to Quash should be granted. Specifically, Plaintiff argues that (1) IFF should not be allowed to raise inequitable conduct as a defense; (2) the information Dunleavy would provide is unreasonably cumulative or duplicative pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)(i); and (3) any information Dunleavy would provide is protected by the attorney-client privilege. (Pl.'s. Br. at 1.)

Plaintiff argues that the Federal Circuit has not looked favorably upon inequitable conduct as a defense. The Federal Circuit has stated that

> [T]he habit of charging inequitable conduct in almost every major patent case has become an absolute plague. Reputable lawyers seem to feel compelled to make the charge against other reputable lawyers on the slenderest grounds . . . They destroy the respect for one another's integrity . . . A patent litigant should be made to feel, therefore, that an unsupported charge of "inequitable conduct in the Patent Office" is a negative contribution to the rightful administration of justice.

*See* Pl's. Br. at 3 (citing *Burlington Industries, Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988)). Upon this backdrop, Mane also contends that IFF's pleading of inequitable conduct as a defense was not made in good faith. (Pl.'s Reply at 2.) Mane further contends that the defense itself was not properly pled. *Id.* at 3. Mane argues that in order to plead inequitable conduct, IFF must show by clear and convincing evidence that "(1) [Dunleavy] *failed to disclose material information* in the patent prosecution (2) with the *intent to deceive* the PTO." (Pl.'s Reply Br. at 3) (emphasis in original). Mane claims that IFF has not alleged both of these elements. In the alternative, Mane claims that even if they had alleged both elements, the inequitable conduct affirmative defense was not pled with particularity as required by Federal Rule of Civil Procedure 9. *Id.* at 3. Plaintiffs further argue that even if inequitable conduct is

properly pled, it is not necessary to depose Dunleavy to obtain information relevant to that defense. (*See* Pl.'s Br. at 5; *see also Allergen Inc. v. Pharmacia Corp.*, 2002 U.S. Dist. LEXIS 19811 (D. Del. 2003).)

Plaintiff argues that any non-privileged information that Dunleavy could provide could be obtained by other means, and therefore would be unreasonably duplicative. (Pl.'s Br. at 5.) Mane says that any non-privileged information relevant to the case that Dunleavy would have could be found in the prosecution history of the patents, which is obtainable from the Patent Office. *Id.*

Lastly, Plaintiff argues that pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iii), the Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." (Pl.'s. Br at 5; *see also* Fed. R. Civ. P. 45(c)(3)(A)(iii)). Specifically, Plaintiff argues that the document request made in the subpoena is overbroad, and Dunleavy could not properly respond to the requests without submitting privileged information. (Pl.'s Br. at 6.) Any knowledge relevant to this litigation that Dunleavy could provide at deposition would necessarily relate directly to his previous legal representation of Mane, and would thus be privileged. *Id.*

Plaintiff primarily relies on *In re Spalding Sports Woldwide, Inc.* to explain why any information Dunleavy could provide would be privileged. Plaintiff argues that in *Spalding*, the court stated that client communications and documents regarding the preparation and prosecution of a patent application that were not communicated to the Patent Office are privileged. (Pl.'s Br. at 6; *see In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 806 (Fed. Cir. 2000).) Plaintiff represents that Mane will not waive its privilege to allow these documents to be produced or for

Dunleavy to be deposed about privileged information.  Thus, the subpoena should be quashed. (Pl.'s Br. at 6; *see also Unigene Labs., Inc. v. Apotex, Inc.,* 2007 U.S. Dist. LEXIS 78410, n.2 (N.D. Cal. 2007).)

      B.      Defendant's Argument Opposing the Motion to Quash

In opposition, IFF notes that in its Answer to Mane's Second Amended Complaint, IFF pled 'inequitable conduct' as its Tenth Affirmative Defense. (Def.'s Opp'n at 2.)  IFF argues that despite the Federal Circuit's general disfavor for inequitable conduct as a defense, and despite Mane's contention that a defense of inequitable conduct is rarely successful, IFF's claim should be judged on the merits.  *Id*. at 7.  In order to have the claim heard, IFF needs to be able to obtain discovery regarding that defense.

IFF argues that pursuant to Federal Rule of Civil Procedure 26(b)(1) it may obtain discovery that is "relevant to any party's claim or defense", exclusive of privileged information. (Def.'s Opp'n at 7.)  Because Dunleavy's opinions and impressions during the patent prosecution are integral to an inequitable conduct defense, IFF argues they should be able to depose Dunleavy pursuant to Federal Rule of Civil Procedure 26(b)(1).  Furthermore, IFF argues that Federal Rule of Civil Procedure 26 allows them to obtain discovery from Dunleavy by conducting a deposition, even if they have obtained similar discovery via other methods.  *Id.* at 9; Fed. R. Civ. P. 26.

With regards to Mane's claim that attorney-client privilege would be violated, IFF contends that issue is not ripe.  (Def.'s Opp'n. at 10.)  They contend a blanket assertion of privilege to prevent a deposition is inappropriate, and instead objections on privilege grounds should be raised in response to specific questions.  *Id.*  IFF argues that there is no way to know if

any information Dunleavy has is privileged until he is deposed, and some of his answers would possibly not impinge upon privileged information. *Id.* Therefore, the subpoena should not be quashed on privilege grounds.

### III.     DISCUSSION

Federal Rule of Civil Procedure 45(c)(3)(A) states, in pertinent part, that the "court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides [or] is employed . . . ; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(i-iv). Mane has not alleged any circumstances that would allow the Court to quash the subpoena pursuant to 45(c)(3)(A)(i) or 45(c)(3)(A)(ii).

If a subpoena requests privileged information, that alone may be grounds for quashing that subpoena. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii); *see also Unigene Labs.,* 2007 U.S. Dist. LEXIS 78410 at n.2. Here, however, the Subpoena only requests Dunleavy's presence at a deposition, without giving any indication as to what specifically IFF wants Dunleavy to disclose. (*see* Pl.'s Br. Ex. C.) As such, it is unreasonable to conclude that *everything* Dunleavy could say that is relevant to the litigation would be privileged information. Furthermore, multiple jurisdictions recognize that mental impressions of the prosecuting patent attorney are not only relevant, but possibly crucial, to an inequitable conduct defense in subsequent litigation over that patent.[1] *See Environ Prods., Inc. v. Total Containment, Inc.*, 1996 WL 494132 at *4 (E.D. Pa.

---

[1] While the Court notes the Federal Circuit's general disdain for pleading inequitable conduct as a defense, and Mane's claim that IFF has not properly pled inequitable conduct and that IFF's affirmative defense was not made in good faith, all that is relevant to the current

Aug. 22, 1996) ("[t]he affirmative defense of inequitable conduct makes [the prosecuting attorney's] mental impressions during the reexamination proceedings at issue in this litigation"); *see also Alcon Labs., Inc. v. Pharmacia Corp.*, 225 F. Supp. 2d 340, 344 (S.D.N.Y. 2002).

It is possible that some of what IFF will request at Dunleavy's deposition will be privileged. The more appropriate method is to allow the deposition to be taken and permit the attorney to claim privilege in the face of certain questions, if necessary. *NLRB v. Modern Drop Forge Co.*, 1997 WL 120572 at *3-4 (7th Cir. Mar. 14, 1997). If Dunleavy believes any of IFF's questions at deposition call for privileged information, he is certainly free to object to individual questions on privilege grounds. However, a blanket prohibition on a deposition is inappropriate, especially considering that patent prosecutors are regularly deposed in subsequent patent litigation.

In light of this, Mane maintains that pursuant to *Allergen Inc. v. Pharmacia Corp.,* along with Federal Rule of Civil Procedure 26(b)(2)(C)(i), IFF could obtain the information for their defense from another source, and therefore to depose Dunleavy would be unnecessary. *See Allergen Inc. v. Pharmacia Corp.*, 2002 U.S. Dist. LEXIS 19811 (D. Del. 2003); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i). However, what IFF is seeking is information involving conversations that took place between Dunleavy and the patent examiner. The Federal Circuit has held that "a patent examiner cannot be compelled to testify regarding his 'mental processes' in reaching a decision on a patent application." *Western Elec. Co., Inc. v. Piezo Tech., Inc.*, 860 F.2d 428, 431 (Fed. Cir. 1988). Therefore, the only source from which IFF would be able to obtain the desired

---

motion is that inequitable conduct was pled as an affirmative defense, and IFF is entitled to discovery to support that defense.

information would be Dunleavy. Furthermore, *Allergen* may be further distinguished from the present case because the movant sought to depose the opposing party's trial counsel. *Allergen Inc.*, 2002 U.S. Dist. LEXIS 19811 at *1-2. Here, Dunleavy is not involved in the present case, but his previous involvement with the patents at issue provides the relevance for his deposition.

The Subpoena also requests Dunleavy to produce, among other things, "all documents referring or relating to [the '865 Patent and the '466 Patent]." (Pl.'s Br. at ex. C.) It cannot be said that every document is privileged. If some of the documents are privileged, producing the non-privileged documents and logging the remainder on a privilege log would be the appropriate procedure. Therefore, the Court should not quash the Subpoena pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii), because it does not require the production of privileged information. Accordingly, Plaintiff's motion is denied.

**IV.     CONCLUSION**

For the reasons stated herein, Plaintiff's Motion to Quash a Non-Party Subpoena of Kevin Dunleavy [48] is denied. An appropriate Order accompanies this Memorandum Opinion.

**DATED**: August 19, 2008