UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| V. MANE FILS, S.A.,<br><br>    **Plaintiff,**<br><br>v.<br><br>INTERNATIONAL FLAVORS AND<br>FRAGRANCES INC.,<br><br>    **Defendant.** | Civil Action No.: 06-2304 (FLW)<br><br><br><br><br><br>MEMORANDUM OPINION AND ORDER |

**ARPERT, U.S.M.J.**

**I.     INTRODUCTION**

This matter comes before the Court on a Motion by Plaintiff V. Mane Fils, S.A. ("Plaintiff" or "Mane") to compel production of documents that it claims have become discoverable as a result of IFF's assertion of "advice of counsel" as a defense [dkt. entry no. 100]. Defendant International Flavors and Fragrances, Inc. ("Defendant" or "IFF"), opposed the Motion. The Court heard oral argument on May 18, 2009. For the reasons stated herein, Plaintiff's Motion is denied.

**II.     BACKGROUND AND PROCEDURAL HISTORY**

This litigation arises from an alleged patent infringement involving U.S. Patent Nos. 5,725,865 and 5,843,466 ("Mane's patents") relating to the coolant composition monomenthyl succinate ("MMS"), which is used as an additive in foods, beverages and other products. On May 18, 2006 Mane filed this lawsuit alleging that IFF had willfully infringed Mane's patents. The instant Motion specifically addresses whether IFF can use privilege or work product claims

1

to avoid production of internal documents (not involving outside trial counsel) relating to IFF's alleged ongoing infringement now that it has alleged advice of counsel as a defense.

Beginning in approximately 2000, IFF is alleged to have begun selling products that infringe Mane's patents. (Pl.'s Br. at 2.) Mane contends that despite IFF's claim that it had no "commercial interests" in MMS, IFF had been secretly marketing and selling its own infringing MMS pursuant to IFF's in-house counsel Joseph Leightner's instructions. *Id*. at 2-3. Mane further contends that to attract third parties to purchase IFF's allegedly infringing products, IFF disclosed opinion letters authored by outside counsel that questioned the validity of Mane's patents. *Id*. at 3. For the better part of the fact discovery period in this case, the majority of these documents have been withheld or redacted as privileged by IFF, thereby resulting in substantial motion practice. *Id*. at 4-5.

In November 2007, Mane moved to compel the production of all responsive communications and documents withheld as privileged that related to Mane's patents and IFF's pre-suit opinions of counsel based upon IFF's voluntary disclosure of its counsel's opinion letters to potential customers. *See* [dkt. entry. no. 24.] On March 3, 2008, the Court concluded that regardless of the fact that IFF had yet to determine whether to assert an advice of counsel defense, IFF's disclosures constituted a subject matter waiver of any privilege because attorney-client communications cannot be used as both a "sword and a shield." *Id*. at 5. On September 18, 2008, the Court issued a letter reiterating its March 3, 2008 determination, specifically stating that "there is no question that the waiver found by the Court in its March 3, 2008 Opinion cannot be selective but constitutes a full subject matter waiver requiring production of documents relating to not only whether the patents are valid but whether they are enforceable to being

infringed." *See* Sept. 18, 2009 Letter from Judge Hughes to Counsel.  On October 23, 2008, the Court entered an Order further affirming the March 3, 2008 decision, specifically stating that "IFF shall produce all documents previously ordered by the March 3, 3008 Memorandum Opinion and Order." *See* [dkt. entry no. 70.]

On January 8, 2009, IFF produced 235 previously withheld documents and announced that it intended to assert advice of counsel as a defense in this litigation. (Pl.'s Br. at 7.)  In response, Mane objected to IFF's late assertion of the defense and insisted that IFF complete the production of unredacted copies of all the pre-suit documents still being withheld that are required by the defense.  *Id*.  On February 18, 2009, the Court conducted a teleconference, after which Judge Hughes set a deadline of April 24, 2009 for Mane to file a motion to compel any remaining discovery not voluntarily produced by IFF.  *Id*. at 7-8.  On March 4, 2009, Judge Bongiovanni entered an Order stipulating that "[t]he parties are not required to identify on a privilege log or produce responsive documents created after filing of the Complaint ([on] May 18, 2006) that are subject to claims of attorney-client privilege and/or work product protection." *See id*. at 8-9; *see also* [dkt. entry no. 93.] On April 9, 2009, the parties reached an agreement under which, IFF would be allowed to file an Amended Answer to include an advice of counsel defense in exchange for providing the requisite discovery to Mane.  *Id*. at 9.  However, the parties have been unable to reach agreement regarding the production of responsive post-suit documents being withheld that do not involve communications with and work-product of trial counsel.  *Id*.  Therefore, on April 24, 2009, Mane filed the instant Motion to compel production of documents it asserts have been made discoverable by IFF's assertion of advice of counsel as a defense.

3

      A.      **<u>Plaintiff's Arguments in Support of the Motion to Compel</u>**

Plaintiff sets forth two arguments in support of its Motion to compel. Specifically, Plaintiff argues that (1) IFF's waiver extends to post-suit documents communicated within IFF, but not to work product and communications of outside trial counsel; and (2) given the role of IFF's in-house counsel, fairness dictates that IFF cannot shield its post-suit in-house communications. *Id*. at 10, 12.

Plaintiff argues that IFF should not be permitted to shield post-suit documents from discovery after asserting advice of counsel as a defense. The Federal Circuit has stated that "[w]hen an alleged infringer asserts its advice-of-counsel defense regarding willful infringement of a particular patent, it waives its immunity for any document or opinion that embodies or discusses a communication to or from it concerning whether that patent is valid, enforceable, and infringed by the accused." *See id.* at 10 (quoting *In re Echostar Communications Corp.*, 448 F.3d 1294, 1304 (Fed. Cir. 2006)). The Federal Circuit has further stated that "[t]his broad scope is grounded in principles of fairness and serves to prevent a party from simultaneously using the privilege as both a sword and a shield; that is, it prevents the inequitable result of a party disclosing favorable communications while asserting the privilege as to less favorable ones." *See* Pl.'s Br. at 11 (quoting *In re Seagate Technology, LLC*, 497 F.3d 1360, 1372 (Fed. Cir. 2007); *Echostar*, 448 F.3d at 1303). Upon this backdrop, Mane contends that "any responsive documents not involving work product or advice of outside trial counsel that were communicated to (or within) IFF relating to the subject matter of Mane's patents must be produced given IFF's election to assert advice of counsel as a defense." (Pl.'s Br. at 12.)

Mane argues that after this suit was filed, IFF's in-house counsel, Joseph Leightner,

4

continued overseeing infringing sales, specifically through his involvement in scripting IFF's communications with customers regarding Mane's patents and IFF's MMS products. *Id*. Mane also argues that

> "[f]airness dictates that IFF cannot use the lawyer-status of its in-house counsel to shield responsive post-suit documents, when in fact that counsel is an integral member of IFF's sales force who for years has overseen all aspects of IFF's infringing activity, its efforts to hide that infringement, its misrepresentations to customers, and virtually all business decisions related to MMS."

*Id*. at 13.  Mane further argues that the materials sought "are within the purview of a witness and active participant in ongoing infringement and tortious activity committed in IFF's course of business [sic] [and] do not constitute objective counseling by outside counsel regarding litigation strategy." *Id*.

### B.     Defendant's Argument Opposing the Motion to Compel

IFF argues that Judge Hughes decided on February 18, 2009 that "IFF is not required to produce or even to log post-suit documents that are subject to claims of privilege or work product" which was confirmed by the Court's March 4, 2009 Order. *Id*. at 9.  IFF contends that "the Court has already decided the issue presented in Mane's motion adversely to Mane, and the deadline for appealing or seeking reconsideration of the Court's March 4, 2009 Order expired more than a month before Mane filed its motion to compel." *Id*. at 10.

Alternatively, IFF argues that even without the benefit of the March 4, 2009 Order, the Court should not compel IFF to produce post-suit privileged and work product in-house communications. *Id*.  IFF contends that Mane relies upon *Echostar* which is no longer good law because "[o]ne year after *Echostar*, the Federal Circuit revisited the temporal scope of the waiver following from the assertion of reliance on advice of counsel in its *en banc* decision in *Seagate*.

*Id*. at 10-11. IFF argues that

> "[b]ecause 'in ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct' and 'a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct,' the relevance of post-filing communications is diminished to the point that assertion of an advice of counsel defense does not waive the attorney-client privilege with respect to communications with trial counsel."

*Id*. at 11 (quoting *Seagate*, 497 F.3d at 1375). IFF also argues that "*Seagate* thus overruled the conclusion set forth in footnote 4 of *Echostar*, on which Mane's motion almost entirely depends, that the waiver flowing from reliance on advice of counsel extends past the filing of the complaint 'so long as that ongoing infringement is at issue in the litigation.'" *Id*. at 11-12 (citation omitted). IFF further argues that while the Federal Circuit focused on trial counsel, the rationale must be extended to in-house counsel as well. *Id*. at 12 (citing *Convolve*, 2007 U.S. Dist. LEXIS 87286, at *13) (concluding that post-litigation conduct is of "'marginal value' because the willfulness analysis focuses on prelitigation conduct," such that "there is no basis here for taking discovery of in-house counsel's communications after the litigation was commenced"). IFF asserts that it is IFF's prelitigation conduct that is at issue as opposed to IFF's conduct after the suit was filed, and maintains that IFF is not withholding any pre-suit documents on grounds of privilege or work product. *Id*. at 12.

Next, IFF argues that "[a]lthough Mane incants the words 'sword and shield,' it utterly fails to show how it would be unfair to protect IFF's post-suit privileged and work product information." *Id*. at 13. IFF emphasizes that "[t]his is *not* a case in which IFF obtained two conflicting opinions, one stating that Mane's patents are invalid and the other stating that Mane's patents are valid." *Id*. IFF further emphasizes that "there are no post-suit opinions, and IFF

produced *all* of its Invalidity Opinions to Mane in 2007, as well as all of the documents surrounding them." *Id*.

With regard to Mane's argument regarding Mr. Leightner's continued sales efforts in violation of Mane's patents, IFF contends that this argument demonstrates that Mr. Leightner's post-suit communications were consistent with IFF's Invalidity Opinions. *Id*. at 14. IFF argues that "given the already attenuated value of post-suit communications and the absence of any evidence that IFF is attempting to "shield" inconsistent or unfavorable advice, as recognized by the Court [sic] in *Seagate* and *Convolve*, there is insufficient basis to compel the production of Mr. Leightner's otherwise privileged or work product post-suit communications." *Id*. at 14-15.

Next, IFF argues that "Mane's true motive in pursuing this motion seems to be related to a desire to develop evidence to its tort claims." *Id*. at 15. However, IFF points out that it "asserts reliance on advice of counsel as an affirmative defense to Mane's claims of willful patent infringement, but IFF has not asserted reliance on advice of counsel as a defense to Mane's non-patent claims." *Id*. Therefore, IFF maintains that "Mane's demand for IFF's post-litigation privileged and work product documents has little, if anything, to do with its claim for willful infringement or IFF's assertion of reliance on advice of counsel." *Id*.

Lastly, IFF argues that if the Court grants the instant Motion, it would impose an undue burden on IFF. *Id*. IFF asserts that Mr. Leightner has been the principal liaison between outside counsel and IFF and its employees since the litigation commenced, thus causing the majority of his post-suit communications to concern IFF's handling of this case. *Id*. IFF argues that "[i]n light of Judge Hughes' Order in May 2008, IFF has not been segregating these documents, nor logging them" and to do so now would create a significant burden on IFF. *Id*. at 16. Therefore,

7

the Motion should not be granted on fairness grounds.

### III.  DISCUSSION

Mane argues that as a result of IFF's assertion of advice of counsel as a defense to willful patent infringement, IFF must produce all responsive internal IFF documents withheld from May 18, 2006 to the present that do not involve communications with outside trial counsel.  IFF argues that it does not lose its claims of privilege or work product regarding the post-suit documents that Mane seeks by virtue of its assertion of the advice of counsel defense.

The Federal Circuit determined that it is not a waiver of the attorney-client privilege if the defendant relies on advice of counsel as a defense.  *Seagate*, 497 F.3d 1360, 1374 (Fed. Cir. 2007).  However, the court was careful to observe that it did not "purport to set out an absolute rule."  *Id.*  Rather, the court observed that "trial courts remain free to exercise their discretion in unique circumstances to extend waiver to trial counsel."  *Id.* at 1375.  The *Seagate* Court also recognized that while "[a]n advice of counsel defense asserted to refute a charge of willful infringement may [sic] implicate waiver of work product protection . . . it does not, absent exceptional circumstances" extend to trial counsel's work product.  *Id*.  Furthermore, the Court held that "the same rationale generally limiting waiver of the attorney-client privilege with trial counsel applies with even greater force to so limiting work product waiver because of the nature of the work product doctrine."  *Id*.  Ultimately, "asserting the advice of counsel defense waives work product protection and the attorney-client privilege for all communications on the same subject matter, as well as any documents memorializing attorney-client communications."  *Id*. at 1370.

However, shortly following the *Seagate* decision, a trial court held

> [w]hether the waiver applies to postlitigation communications by in-house counsel concerning their opinions is a closer question. From one perspective, in-house counsel more closely resemble opinion counsel than trial counsel because they offer what the defendants treat as objective assessments for making business decisions. However, in *Seagate,* the court found that postlitigation opinions even of outside opinion counsel are of 'marginal value' because the willfulness analysis focuses on prelitigation conduct. Given that reasoning, there is no basis here for taking discovery of in-house counsel's communications after the litigation was commenced

*Convolve, Inc. v. Compaq Computer Corp.*, 2007 U.S. Dist. LEXIS 87286 at *13 (S.D.N.Y. November 27, 2007). In the instant matter, IFF argues that it is not withholding any pre-suit documents on privilege or work product grounds, and according to *Seagate* and *Convolve* the post-suit documents at issue have "marginal value." (Def.'s Opp'n Br. at 12.) The Court agrees, and finds that there is nothing in *Seagate* or *Convolve* that would require the Court to compel the production of such documents.

Indeed, the *Seagate* court expressly indicated that it was not setting out an absolute rule and instructed trial courts to exercise their discretion in unique circumstances to extend waiver. *See Seagate*, 497 F.3d at 1374-75. Although *Seagate* changed the substantive landscape of demonstrating a patentee's willful infringement, it did not address discovery issues and specifically instructed the trial courts to exercise their discretion in unique circumstances. *Id*. at 1375. Therefore, the Court should not compel production of the post-suit documents pertaining to willful infringement, regardless of IFF's assertion of the advice of counsel defense, because the willful infringement analysis focuses on prelitigation conduct.

Lastly, granting the instant Motion would impose an undue burden on IFF to review three years of post-suit privileged or work product communications concerning MMS particularly in light of the Court's previous directions. The Court notes that Mane did not first demand the

production of post-suit privileged and work product documents until late January 2009. The Court further notes that pursuant to Judge Hughes' May 2008 Order, IFF has not been segregating nor logging these documents that Mane now seeks to produce. The Court finds that to now require IFF to log post-suit documents from the past three years would create such a significant burden that fairness principles further support a denial of the instant Motion. Accordingly, Plaintiff's Motion is denied.

### IV. CONCLUSION AND ORDER

The Court having considered the papers submitted and the argument of counsel, and for the reasons set forth above,

**IT IS** on this 1st day of July, 2009

**ORDERED** that Plaintiff's Motion to compel production of documents made discoverable by IFF's assertion of advice of counsel as a defense [dkt. entry no. 100] is **DENIED**.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**