RECEIVED

JUN 3 0 2011

AT 8:30_____M
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| V. MANE FILS S.A., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL FLAVORS AND FRAGRANCES INC., <br><br> Defendant. | Document Electronically Filed <br><br> CIVIL ACTION NO. 06-2304 (FLW/DEA) <br><br> ▇▇▇▇ FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER SEALING CERTAIN DOCUMENTS |

**THIS MATTER** having been brought before the Court by plaintiff V. Mane Fils S.A. ("Mane"), by and through their attorneys, Gibbons P.C., for an Order sealing documents pursuant to L.R. 5.3, which were previously provisionally filed in support of Mane's Motion for Terminating Sanctions ("Sanctions Motion"); and the Court having directed the submission of proposed findings of fact, conclusions of law and a proposed order; and the Court having reviewed the submissions in support of application under L.R. 5.3; and no party having appeared in opposition to the application; the following shall constitute the findings of fact and conclusions of law of this Court and the Order of the Court as to each document that is the subject of this application for an Order sealing documents:

**FINDINGS OF FACT**

1. This matter involves allegations of patent infringement and related claims. During a course of discovery to date, Defendant IFF has designated various documents as "Confidential Information" and "Confidential-Attorneys Eyes Only Information" under the terms of the Protective Order entered by this Court on June 5, 2007. Certain of these documents are directly relevant to the determination on the pending Sanctions



Motion, have been presented to the Court for consideration in connection with the pending Sanctions Motion, and are attached to the Certification of David B. Owsley in support to the Sanctions Motion. These documents are also referred to in the Memorandum submitted by Mane in support of the Sanctions Motion.

2. No party to this lawsuit has objected to the entry of these Findings of Fact and Conclusions of Law and the Sealing Order filed herewith.

3. No party has intervened or otherwise expressed or asserted any public interest in the materials that are the subject of this application for an Order to Seal.

4. For these reasons the Court concludes that disclosure will result in a clearly defined and serious injury to the party seeking to overcome the presumption of access.

**CONCLUSIONS OF LAW**

1. There is a presumptive common law right of public access to all material filed in connection with judicial proceedings. <u>Republic of the Philippines v. Westinghouse Elec. Corp.</u>, 949 F.2d 653, 660-62 (3d Cir. 1991).

2. The right of access to judicial records is not absolute. <u>Leucadia, Inc. v. Applied Extrusion Techs.</u>, Inc., 998 F.2d 157, 165 (3d Cir. 1993).

3. It is the burden of the party seeking to overcome the presumption of access to demonstrate the need to keep the materials under seal. <u>See, e.g., Leucadia</u>, 998 F.2d at 166 (citing <u>Westinghouse</u>, 949 F.2d at 663).

4. A party seeking an order sealing court records must demonstrate that the material contains the type of information that courts will protect and that there is good



cause for continued application of an existing order.  <u>Publicker Indus. v. Cohen</u>, 733 F.2d 1059, 1070-71 (3d Cir. 1984).

5.  Good cause is established if there is a showing that disclosure will result in a clearly defined and serious injury to the party seeking to overcome the presumption of access. <u>Id.</u> at 1071.

6.  There is no less restrictive means for preserving the confidentiality of this information.

IT IS this 30th day of June, 20__,

ORDERED that the Clerk of the Court shall maintain under seal Mane's Motion for Terminating Sanctions, and the Certification of David B. Owsley and attached exhibits in support of that motion.

_____
Hon. Douglas E. Arpert, U.S.M.J.

— unopposed/consent

